ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

JUDY PHILIPS
First Assistant U.S. Attorney

SARA D. AYABE #9546
MICHAEL D. NAMMAR
MICAH SMITH
Assistant U.S. Attorneys
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Emails:    Sara.Ayabe@usdoj.gov
           Michael.Nammar@usdoj.gov
           Micah.Smith@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 28 2020

at ___ o'clock and ___ min. ___ M
MICHELLE RYNNE, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 20-00031 DKW |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT |
| vs. | DATE:  August 13, 2020 |
| GLENN ROBERT ALIKA MUTH, | TIME:  10:30 a.m. |
| | JUDGE: Hon. Derrick K. Watson |
| Defendant. | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the defendant, GLENN ROBERT ALIKA MUTH, and his attorney, Melinda Yamaga, Esq., have agreed upon the following:

## THE CHARGES

1. The defendant acknowledges that he has been charged in an Information with violating Title 18, United States Code, Section 922(j); Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 641.

2. The defendant has read the charges against him contained in the Information, and those charges have been fully explained to him by his attorney.

3. The defendant fully understands the nature and elements of the crimes with which he has been charged.

## THE AGREEMENT

4. The defendant agrees to waive indictment and enter a voluntary plea of guilty to Counts 1, 2, and 3 of the Information, which charge him with possessing a stolen firearm (Count 1), possessing with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers (Count 2), and stealing

2

and purloining goods and property of the United States of a value exceeding $1,000 (Count 3). The defendant is aware that he has the right to have these felonies asserted against him by way of grand jury indictment. The defendant hereby waives this right and consents that this offense may be charged against him by way of the Information. The defendant understands and agrees that the fraud loss for the theft of government property is, at minimum, $60,874, and may be higher, and that any related conduct can be considered relevant conduct by the Court at sentencing, and will be included in the Court's determination of total loss for offense level calculations and of restitution to identified victims. The defendant also understands and agrees that he will have to pay restitution to any victims directly or proximately harmed as a result of his offense conduct and all relevant conduct. In return, the government agrees not to file charges against the defendant related to the defendant's carrying of a firearm during and in relation to the November 11, 2019 drug trafficking crime, in violation of Title 18, United States Code, Section 924(c), as charged in Count 2 of Criminal Complaint Mag. No. 19-01300 WRP. The government further agrees to recommend that the sentence imposed as to Counts 1 and 2 run concurrently to the sentence imposed as to Count 3 of the Information.

5. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The defendant enters this plea because he is in fact guilty of possessing a stolen firearm (Count 1), possessing with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine its salts, isomers, or salts of its isomers (Count 2), and stealing and purloining goods and property of the United States of a value exceeding $1,000 (Count 3) as charged in the Information, and he agrees that this plea is voluntary and not the result of force or threats.

## PENALTIES

7. The defendant understands that the penalties for the offenses to which he is pleading guilty include:

    a. As to Count 1, a term of imprisonment of up to 10 years and a fine of up to $250,000, plus a term of supervised release up to 3 years.

    b. As to Count 2, a term of imprisonment of up to 20 years and a fine of up to $1,000,000, plus a term of supervised release of not less than 3 years and up to life.

    c. As to Count 3, a term of imprisonment of up to 10 years and a fine of up to $250,000, plus a term of supervised release up to 3 years.

      d.    In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty. The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

      e.    **Restitution.** The Court may also award restitution, pursuant to Title 18, United States Code, Section 3663A and/or Section 3663, to any persons or entities victimized by the offenses charged in Counts 1 and 2 of the Information. In addition, the defendant agrees to pay restitution for the full value of any property he stole from the United States arising out of the same course of conduct described in paragraphs 8.g through 8.i of this Agreement, which the defendant agrees amounts to a value of at least $60,874. The defendant reserves the right to dispute the exact amount of restitution owed. The defendant understands that the Court will determine the amounts of restitution to be ordered, as well as the persons and entities entitled to such restitution, with the assistance of the United States Probation Office.

    f. **Loss of Federal Benefits.** At the discretion of the Court, the defendant may also be denied any or all federal benefits, as that term is defined in Title 21, United States Code, Section 862, (a) for up to five years if this is the defendant's first conviction of a federal or state offense amounting to the distribution of controlled substances, or (b) for up to ten years if this is the defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is the defendant's third or more conviction of a federal or state offense amounting to the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in Title 21, United States Code, Section 862(d).

## FACTUAL STIPULATIONS

  8. The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which the defendant is pleading guilty:

*Counts 1 and 2*:

    a. Between November 10, 2019, and November 11, 2019, within the District of Hawaii, the defendant did knowingly possess a stolen firearm, in violation of Title 18, United States Code, Section 922(j).

b.      On November 10, 2019, the defendant committed a burglary of a residence in Waialua, Hawaii (the "Residence") in which a safe containing approximately 30 separate firearms was stolen.  The Residence has a surveillance system that captured the events of the burglary, including both audio and video.  The owner of the Residence reviewed the surveillance footage and identified the masked male committing the burglary as the defendant, whom the owner has known since December 2018.  After providing the surveillance footage to the Honolulu Police Department ("HPD"), two HPD officers familiar with the defendant concluded that the masked individual in the footage resembled the defendant.

c.      The following day, the defendant was arrested for two outstanding state Probation Revocation bench warrants.  The defendant's personal property included a camouflage backpack and a black and green colored mask that matched the items worn by the defendant in the surveillance footage of the burglary.

d.      A federal search warrant was executed on the defendant's backpack.  The contents, as relevant, included the following: (a) two firearms (one Glock 42 semi-automatic handgun, bearing serial number ABDD809; and one Smith and Wesson six-shot revolver handgun, bearing serial number 11809); (b)

seven .380 caliber rounds of ammunition; and (c) approximately 10 gross grams of methamphetamine.

  e. The Glock 42 semi-automatic handgun was registered to the owner of the gun safe and reported stolen in the HPD report relating to the November 10, 2019 burglary, and it was manufactured outside the State of Hawaii.

  f. A check by HPD determined that the defendant is not the registered owner of either firearm seized pursuant to the federal search warrant.

  g. The methamphetamine described above is a Schedule II controlled substance. By at least November 11, 2019, within the District of Hawaii, the defendant did knowingly and intentionally possess the methamphetamine with the intent to distribute, in violation of Title 21, United States Code, Section 84(a)(1) and 841(b)(1)(C).

*Count 3:*

  h. In May 2018, within the District of Hawaii, the defendant, willfully and knowingly did steal and purloin goods and property of the United States of a value exceeding $1,000.

  i. During that time period, the defendant stole a Wells Cargo covered utility trailer and two John Deere Gator A3-T utility vehicles, which had a

8

total value of approximately $33,895, from the Logistical Readiness Center near Schofield Barracks in Hawaii.

        j.      The DNA profile developed from evidence processed at the crime scene demonstrated a profile that was consistent with the DNA profile of the defendant.

        9.      Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

### SENTENCING STIPULATIONS

        10.      Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

        a.      As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If

all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

        b.    The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

        11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The

parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

## DISPUTED FACTS

12. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in dispute for the purpose of sentencing of the defendant in connection with this matter:

    a. The facts regarding the applicable offense level and characteristics;

    b. The facts regarding applicable adjustments; and

    c. The defendant's applicable guideline range.

## APPEAL/COLLATERAL REVIEW

13. The defendant is aware that he has the right to appeal his conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The

11

defendant understands that this waiver includes the right to assert any and all legally waivable claims.

      a.    The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

      c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## **FINANCIAL DISCLOSURE**

14. In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon him, the defendant agrees as follows:

   a. The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party. The defendant understands that the United States Probation Office (USPO) will conduct a presentence investigation that will require the defendant to complete a comprehensive financial statement. To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office. The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case. The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing,

within seven days of the event giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

    b.  The defendant expressly authorizes the United States Attorney's Office to obtain his credit report. The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

    c.  Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## IMPOSITION OF SENTENCE

15. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

16. The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## WAIVER OF TRIAL RIGHTS

17. The defendant understands that by pleading guilty he surrenders certain rights, including the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The

defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

        b.     If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

        c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

        d.     At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant

would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

  e. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

  f. At a trial, the defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substance charged in the Information necessary to establish the statutory mandatory minimum penalty or an increased statutory maximum penalty.

18. The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

## USE OF PLEA STATEMENTS

19. If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later

proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

20. The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21. The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty. Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

22. To become effective, this Agreement must be signed by all signatories listed below.

23. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

DATED: Honolulu, Hawaii, AUG 13 2020 .

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii

_____
JUDY PHILIPS
First Assistant U.S. Attorney

_____
MELINDA YAMAGA
Attorney for Defendant

_____
SARA D. AYABE
MICHAEL D. NAMMAR
MICAH SMITH
Assistant U.S. Attorneys

_____
GLENN MUTH
Defendant

19